FRANCIS *v.* STATE OF INDIANA.

[No. 27,988.   Filed March 8, 1945.]

*Randolph H. Mayes*, of Terre Haute, for appellant.

*James A. Emmert*, Attorney General, *Frank Hamilton*, First Deputy Attorney General, and *Forrest P. Jones*, Deputy Attorney General, for the State.

O'MALLEY, C. J.—The appellant was charged by affidavit with wilfully failing to provide food, clothing, shelter and medical attention for his two minor children under § 10-1405, Burns' 1942 Replacement, § 2888, Baldwin's 1934.

The only claim of error is predicated on the sufficiency of the evidence to sustain the decision of the court. It is not claimed that the defendant provided for his children, in fact, he admitted that he had done nothing for their support during the time specified in the affidavit. To avoid the effect of this evidence, he claims that it does not show that the failure to provide was wilfully done with a perverse design. The basis for this claim is that the appellant and his brother testified that appellant had been ill for a matter of some years, and that two physicians made statements in writing that appellant could not work at hard labor. However, it also was in evidence that the appellant would quit a job and then loaf about town and go to shows, and that twice during the year preceding the filing of the charge he had passed a phyiscal examination when applying for work.

It is not necessary to prove the element of wilfulness by direct or positive evidence. This like any other fact may be proved by circumstantial evidence. *Schaffer* v. *State* (1930), 202 Ind. 318, 173 N. E. 229.

The evidence was in conflict, and it was for the trier of the facts to determine the credibility of each witness and the weight to be given to his or her testimony. *Indiana Insurance Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. (2d) 1003. From the evidence before it, the court could infer wilfulness and perversity of design.

It is also claimed that the State failed to prove the ages of the children, and that they were in fact the children of the appellant. However, from the facts proved, it could be inferred that one child was one year of age and the other two years of age, in fact, no other inference was possible, and it was plainly stated from the witness stand that the two minor children were the son and daughter of the appellant.

In determining whether or not the decision is sustained by the evidence, we can consider only that evidence tending to support the decision, together with the reasonable inferences that may be drawn therefrom, and cannot give any consideration to any evidence which is contradictory thereto. *Peachee* v. *State* (1939), 216 Ind. 42, 22 N. E. (2d) 979. The claims of the appellant are not well founded, and since the appellant's claim that the evidence is not sufficient is based entirely on the matter heretofore discussed, no error is shown.

The judgment is affirmed.

Note.—Reported in 59 N. E. (2d) 565.