TAYLOR, ALIAS PERICE *v.* STATE OF INDIANA.

[No. 669S130. Filed November 16, 1970. Rehearing denied December 30, 1970.]

---

1. Criminal Law Bulletin, Vol. 6 No. 7 (1970), "Unconstitutional Punishment," p. 311 et seq.

*Charles W. Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by indictment with a violation of the Offenses Against Property Act, said indictment reading in pertinent part as follows:

> "The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that MICHAEL TAYLOR alias CAROL PERICE on or about the 9th day of OCTOBER, A.D. 1968, at and in the County of Marion and in the State of Indiana, did then and there commit the crime of theft in that he unlawfully, knowingly and feloniously obtained and exerted unauthorized control over the property of THE WILLIAM H. BLOCK COMPANY, a corporation, to-wit: Three women's purses of the value of One Hundred Ninety-Nine and 00/100 Dollars ($199.00), intending to deprive THE WILLIAM H. BLOCK COMPANY, a corporation, permanently of the use and benefit, of said property then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On February 11, 1969, appellant waived arraignment and entered a plea of not guilty to the crime as charged. Appellant filed his Waiver of Jury Trial on February 21, 1969, and thereafter this cause was submitted to the court for trial. The court found appellant guilty as charged, ordered a Pre-Sentence Investigation Report to be filed, and set sentencing for March 6, 1969. On said date the court sentenced appellant to the Indiana State Reformatory for not less than One (1) nor more than Ten (10) years.

Appellant filed his motion for new trial on March 6, 1969; such motion in pertinent part reads as follows:

> "The defendant in the above entitled cause moves the Court for a New Trial thereof for the following reasons, to-wit:

1. The decision of the Court is not sustained by sufficient evidence.

2. The decision of the Court is contrary to law.

3. The Court erred in overruling defendant's Motion For Directed Verdict.

WHEREFORE, the defendant prays the Court for a New Trial of said cause."

Said motion was overruled on March 12, 1969.

Appellant's sole Assignment of Error on appeal is that:

"1. The court erred in overruling appellant's motion for a new trial."

From the evidence adduced at the trial of this cause, viewed most favorably to the State, it appears that on October 9, 1968, at approximately 5.30 p.m., appellant was seen by Reed Moistner, an off-duty police officer and security guard for the William H. Block Company, on the main floor of the store. Moistner saw appellant remove three women's purses from a display counter, place them in a shopping bag he was carrying, and cover them with tissue paper. Moistner then proceeded to the only exit open, which was approximately 175 feet from the purse counter, and waited for appellant to approach the door. As appellant approached, Moistner and another security officer started toward him. Appellant dropped the shopping bag and ran out the door. Moistner followed appellant outside and apprehended him, but not before appellant struck him in the mouth and kicked him.

Appellant testified in his own behalf that he disired to purchase the three purses and took them to a cash register near the door for that purpose. When the saleslady informed him that she could not ring up the sale because she had closed her register for the day, appellant stated he laid the purses down on the counter and walked out of the store. Appellant testified that he had sufficient money on his person to pay for the purses and that he fully intended to do so.

Appellant argues that the evidence presented to the trial

court was wholly insufficient to sustain his conviction, and that, therefore, said conviction should be reversed. More specifically, he argues that there was no substantial evidence of probative value introduced to prove that he "* * * knowingly * * * obtained and exerted unauthorized control over the property of THE WILLIAM H. BLOCK COMPANY * * * intending to deprive THE WILLIAM H. BLOCK COMPANY * * * permanently of the use and benefit of said property * * *" as charged in the indictment.

This Court has often stated that, when the sufficiency of the evidence is raised as an issue on appeal, it will consider only that evidence most favorable to the State together with all logical and reasonable inferences which may be drawn therefrom. *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502; *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514. Further, this Court will not weigh the evidence or determine the credibility of the witnesses. *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809.

The evidence as presented to the trial court was sufficient to sustain appellant's conviction. Appellant was observed placing three purses in a shopping bag and covering them with tissue paper so that they would be hidden from view. He immediately proceeded to the only available exit, which was approximately 175 feet from where he first obtained control over the purses, without attempting first to pay for them. Upon observing the security officers advancing toward him, appellant dropped the shopping bag containing the three purses and then ran from the store. Such evidence was sufficient to warrant a finding that appellant obtained control over the items in question with the intent to permanently deprive the owner of them.

The judgment of the trial court is affirmed.

Hunter, C.J., Arterburn, DeBruler and Givan, JJ., concur.

NOTE.—Reported in 263 N. E. 2d 542.