DAVID A. BERRY *v.* STATE OF INDIANA.

[No. 372A141. Filed October 3, 1972.]

*Lawrence D. Renfro, Renfro & Whitton,* of New Castle, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant (appellant) was convicted in a trial by jury of First Degree Burglary, and sentenced accordingly. Defendant's Motion to Correct Errors, which was overruled, alleges twelve specifications of error, the first seven of which he has elected to consolidate and present one

argument in support thereof. In so doing, it would appear that the main thrust of the argument in support of Specifications Nos. 1 through 7, is that the verdict is not supported by sufficient evidence upon all the necessary elements of the crime charged, and that the verdict is contrary to law in that the State did not prove beyond a reasonable doubt that the defendant was guilty of the crime of First Degree Burglary.

As it is correctly pointed out in defendant's brief, in determining whether there is sufficient evidence to uphold a conviction, this court will not weigh the evidence or determine the credibility of witnesses, but will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. *Washington* v. *State* (1971), 257 Ind. 40, 271 N. E. 2d 888; *Davis* v. *State* (1971), 257 Ind. 46, 271 N. E. 2d 893; *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407. Furthermore, the conviction will not be disturbed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Coleman* v. *State* (1971), 257 Ind. 541, 275 N. E. 2d 786; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Taylor* v. *State* (1971), 255 Ind. 245, 267 N. E. 2d 383.

In the instant case, the evidence most favorable to the State reveals the following:

On the evening of August 3, 1971, Mrs. Gertrude Gaddis, a fifty-six year old widow, visited a local tavern in New Castle, where she became acquainted with David Berry, the defendant. The defendant was accompanied by George Ford whom Mrs. Gaddis had known for some time. Pursuant to a conversation, Mrs. Gaddis agreed to drive the two men to Indianapolis the following day, which she did. Ford and the defendant also accompanied Mrs. Gaddis on the return trip to New Castle that same day. On the following evening of August 5, Mrs. Gaddis left her home at approximately 8:00 P.M., for the X Club in New Castle. Prior to leaving her home she locked

the front and rear screen doors to the house. While at the X Club, Mrs. Gaddis received a phone call from George Ford. At approximately midnight, Mrs. Gaddis departed the X Club, and proceeded to the Twilight Club, where she once again encountered the defendant and George Ford. Ford immediately left the Twilight Club upon Mrs. Gaddis' arrival, while defendant remained with her until approximately 2:30 A.M., when they both returned to her home. Upon entering the home Mrs. Gaddis discovered that her jewelry boxes had been opened and the contents removed. She immediately called the police, and while awaiting their arrival she further discovered that a television, a radio and a lighter with her name engraved on it had also been removed from the home. The police officer who arrived on the scene later discovered that the screen in the rear door to the house had been cut.

The defendant remained at Mrs. Gaddis' home until the following Monday morning, when he left for work in Muncie. Defendant returned shortly before noon and upon entering the house he sat down and placed a pack of cigarettes and a lighter on a coffee table. Mrs. Gaddis recognized the lighter as one of the articles which had been stolen from her home the previous Friday night. When Mrs. Gaddis asked the defendant the following morning where he got the lighter, he replied that he found it.

The foregoing evidence was revealed by the testimony of Mrs. Gaddis. Another witness for the State, Mrs. Wilma Bolden, testified that her husband, her brother-in-law, George Ford and the defendant met outside her home on the Friday evening a week after the burglary, and after this meeting her husband discovered a white paper sack containing a large assortment of jewelry in the garage. When she asked her husband where it had come from, he stated it was probably "hot." The following day the four men once again gathered at the Bolden home where, according to Mrs. Bolden, she

overheard the defendant "talking about this girl he'd robbed." She also stated that defendant referred to the "girl he'd robbed" as "Pat" which was Mrs. Gaddis' nickname. Mrs. Bolden testified, without objection from counsel for defendant, to other statements which she overheard defendant make connecting him with the burglarizing of Mrs. Gaddis' home. Mrs. Bolden subsequently turned a portion of the stolen articles into the police who obtained a search warrant and recovered the rest of the loot from the Bolden home.

The testimony of Mrs. Bolden's brother-in-law, Cecil Bolden, revealed that the defendant had sold him a portable television set, a radio, and a watch, all of which were later identified as items which had been stolen from Mrs. Gaddis' home.

Before replying to defendant's argument as to the sufficiency of the evidence, we find it necessary to express our disagreement with his contention that the corpus delicti of the crime was never established. In order to establish the corpus delicti of a crime, there must be proof that the specific crime charged was actually committed by someone at the time and place alleged. *Walker* v. *State* (1968), 249 Ind. 551, 233 N. E. 2d 483; *Dennis* v. *State* (1952), 230 Ind. 210, 102 N. E. 2d 650; *Parker* v. *State* (1950), 228 Ind. 1, 88 N. E. 2d 556.

The requisite elements of the crime of First Degree Burglary are:

1) Breaking and entering
2) into a dwelling-house or place of human inhabitation
3) with the intent to commit a felony therein.

IC 1971, 35-13-4-4 (Ind. Ann. Stat. § 10-701 [1956 Repl.]). *Young* v. *State* (1971), 257 Ind. 173, 273 N. E. 2d 285. It is eminently clear from the evidence adduced at trial, that there was sufficient proof in support of the conclusion that on the evening of Friday, August 5, 1971, there was a breaking and

entering into the dwelling-house of Mrs. Gertrude Gaddis with the intent to commit a felony, i.e., theft which was in fact committed.

With the determination that the corpus delicti was properly established, the question thus becomes whether or not there was sufficient evidence to prove beyond a reasonable doubt that it was defendant who committed the burglary. In challenging the sufficiency of the evidence, twenty-seven pages of testimony are set out in defendant's brief for the stated purpose of showing certain contradictions in the testimony of various witnesses. Indeed, certain inconsistencies may have existed in the testimony of some witnesses, however, we find this fact of no benefit to defendant's argument, since the jury was entitled to weigh the evidence and to believe or disbelieve any individual item of testimony given by any witness. *Swift* v. *State* (1961), 242 Ind. 87, 176 N. E. 2d 117; *Kestler* v. *State* (1949), 227 Ind. 274, 85 N. E. 2d 76; *Francis* v. *State* (1945), 223 Ind. 186, 59 N. E. 2d 565. It is our opinion that there is evidence of probative value from which the trier of fact could reasonably have inferred that defendant was guilty beyond a reasonable doubt.

It is alleged in Specification No. 8 of defendant's Motion to Correct Errors that his constitutional rights under Article 1, Section 14, of the Indiana Constitution, and the Fifth and Fourteenth Amendments of the United States Constitution, were violated in that he was required to testify against himself through alleged statements admitted in evidence, and in not having been advised of his constitutional rights at said time. Although argument in support of this allegation is meager at best, and counsel for defendant has failed to set out in his brief to what alleged statements he refers, we will assume that the reference is to the admissions by defendant which Mrs. Bolden testified she overheard. There has been no effort on appeal to indicate that

defendant objected to the admission of this evidence, and thus defendant has failed to preserve any alleged error on this issue. *Langley* v. *State* (1971), 256 Ind. 199, 267 N. E. 2d 538; *Smith* v. *State* (1971), 256 Ind. 603, 271 N. E. 2d 133; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N. E. 2d 609. Defendant's failure to object notwithstanding, admissions of a defendant to a private citizen are admissible against him, even though hearsay, as long as they are voluntarily made. *Stuck* v. *State* (1970), 255 Ind. 350, 264 N. E. 2d 611; *Leaver* v. *State* (1968), 250 Ind. 523, 237 N. E. 2d 368, cert. den. 393 U.S. 1059, 89 S. Ct. 702, 21 L. Ed. 701; *Weaver* v. *State* (1966), 247 Ind. 315, 215 N. E. 2d 533. Furthermore, there is no requirement that a defendant be advised of his constitutional rights in accordance with *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S. Ct. 1602, when he is not deprived of his freedom. *Leaver* v. *State, supra.*

It is contended in Specification No. 9, that the trial court erred in permitting the jury to speculate as to guilt upon illegal, insufficient, and hearsay evidence. The *sole* statement presented in support of this alleged error in defendant's brief, is: "As to #9, the court could have cured this by a finding on the evidence as requested on two occasions during the trial." In effect, counsel for defendant has failed to present any discernible argument in support of this allegation of error and it must, therefore, be deemed waived. Rule AP. 8.3 (A) (7), *Yeary* v. *State* (1971), 257 Ind. 159, 273 N. E. 2d 96; *Miller* v. *State* (1971), 256 Ind. 296, 268 N. E. 2d 299; *Green* v. *State* (1971), 257 Ind. 244, 274 N. E. 2d 267.

In Specification No. 10, it is alleged that the trial court erred in failing to send a copy of the affidavit with which defendant was charged to the jury room for the jury to consider in its deliberations. There is no indication in the record that the court did or did not send the affidavit with the jury to the jury room. If defendant

desired to predicate error on the court's failure to do so, he should have caused a record to be made of that failure. Nonetheless, taking an affidavit or indictment to the jury room is a discretionary matter and the trial court may permit this to be done providing there is nothing of a prejudicial character attached to or indorsed on the affidavit or indictment. *Lee* v. *State* (1938), 213 Ind. 352, 12 N. E. 2d 949. However, there is no law requiring the court to let the jury have the affidavit while they are deliberating on their verdict. *McNulty* v. *State* (1919), 189 Ind. 88, 125 N. E. 41.

The defendant's next specification of error alleges that the trial judge erred in not giving a portion of the court's tendered Instruction No. 18, which stated that "mere possession of stolen property, unexplained by the defendant, however soon after taking, is not sufficient to justify a conviction." At trial defendant objected to another portion of Instruction No. 18, and the court withdrew the entire instruction. The record does not indicate any attempt on defendant's behalf to object to the court's withdrawal of that portion of the instruction which it is now claimed should have been given. Nor is there any record that after the instruction was withdrawn defendant tendered any instruction dealing with the point of law on which he now argues the jury should have been instructed. In *Barker* v. *State* (1958), 238 Ind. 271, 150 N. E. 2d 680, which is dispositive of this issue, our Supreme Court responded to a similar situation as follows:

> "The appellant tendered no instruction upon lesser included offenses, yet insists that the court erred by failing to instruct the jury under Burns' § 9-1805, which states in part:
>
> 'In charging the jury the court must state to them all matters of law which are necessary for their information in giving their verdict.'
>
> The above portion of the statute does not relieve a party from submitting desired instructions, if the court, through oversight or otherwise, fails to instruct as fully as a party desired. *Counsel, knowing the court is omitting the instruction upon some point in the*

*case, may not remain quiet and tender no instruction and afterwards claim the court erred.* Such practice would be wrong and mischievous." (Emphasis added).

Defendant's final allegation of error is that the trial court erred in admitting in evidence State's Exhibits Nos. 1, 2, and 6, consisting of certain items which were identified as property stolen from the home of Mrs. Gaddis. The basis for defendant's objection to these exhibits, was that there was no connection between the items and defendant. The trial court overruled the objection, and in our opinion properly so. Indeed, it is a well-established rule of law in Indiana that a foundation must be laid connecting the evidence with the defendant before it is admissible. *Graham* v. *State* (1970), 253 Ind. 237, 255 N. E. 2d 652. However, defendant's argument in support of the claimed error does not attack that connection, but rather the credibility of the witness who established the connection by testifying that defendant had sold him the stolen items which were offered as Exhibits Nos. 1, 2, and 6. Defendant contends that because of the state of confusion and contradictions in the witness' testimony he could hardly be believed. We find no merit in this contention, since the question of credibility of witnesses is exclusively for the jury or other trier of facts and will not be determined by this court on appeal. *Washington* v. *State, supra; Davis* v. *State, supra; Grimm* v. *State, supra.*

There being no reversible error, the judgment of the trial court is affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 557.