BOBBIE ANN APPLE *v.* STATE OF INDIANA.

[No. 1-573A100. Filed December 13, 1973.]

664

*Chester R. Hobbs,* of Salem, for appellant.

*Theodore L. Sendak,* Attorney General, *Rober F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Bobbie Ann Apple (Apple) appeals from a conviction of second degree burglary following a trial by jury.

The following issues are presented for review:

1. Whether the trial court erred in overruling Apple's motion to suppress certain evidence.
2. Whether the trial court erred in its determination as to the voluntariness and admissibility of Apple's confession.
3. Whether the evidence is sufficient to support the conviction.

The evidence most favorable to the State reveals that on the evening of October 19, 1970, Apple and Junior Music drove to an unoccupied residence owned by Orville Parks. They pulled off the road and became stuck in the mud. At daybreak, they walked to a neighboring house and were given a ride to Paoli. Apple then returned to the Parks' residence with one Marion Hobson and attempted to extricate the automobile. During this attempt, Hobson's automobile also became stuck. Then, according to Hobson's testimony, they "robbed the place." Entering through a window and exiting through the front door, Apple removed several items from the house. The two then solicited help from another neighbor to remove their automobiles.

Apple and Hobson were subsequently arrested and charged with second degree burglary, to which Hobson pleaded guilty.

Apple first contends that the trial court erred in overruling her motion to suppress certain evidence. During the execution of a valid search warrant on the Apple premises, State Policeman Tom Lewis observed a gun rack, blanket, and candle holder in the back seat of an unused automobile. These articles, which were listed in the affidavit for search warrant, were in plain view and could be observed from outside the vehicle.

Apple argues that these articles are the fruits of an illegal search and seizure since the vehicle was not named in the search warrant. We do not agree.

Apple rests her argument on *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564. However, that case is clearly distinguishable from the instant case. Pursuant to a warrant for the search and seizure of Coolidge's automobile, it was removed from his premises, impounded and thoroughly searched. Prior to his trial for first degree murder, Coolidge moved to suppress evidence obtained from the search of the vehicle. His motion was overruled. On certiorari, the Supreme Court held that the warrant authorizing the seizure

and subsequent search of the vehicle had not been issued by a "neutral and detached magistrate" and was therefore invalid. As an alternate theory, the State argued that the warrantless seizure and search was justified since the car itself was an "instrumentality of the crime" and could therefore be seized since it was in plain view on Coolidge's property. The court rejected this theory.

In the case at bar, the officers were legally on and about Apple's premises pursuant to a valid search warrant. They did not undertake a search of the unused vehicle. The items were discovered in plain view as one of the officers glanced into the rear seat of the vehicle. To hold that the items could not be seized under these circumstances would seem illogical. We find nothing in *Coolidge, supra,* dictating such a conclusion.

In our opinion, the following language from *Harris* v. *United States* (1968), 390 U.S. 234, 88 S. Ct. 992, 19 L. Ed. 2d 1067, is applicable to the case at bar:

> "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence."

See also, *Presley* v. *State* (1972), 152 Ind. App. 637, 284 N.E.2d 526.

In answering Apple's contention that the officers should have obtained a search warrant for the vehicle after the items were observed, we consider the following passage from *Coolidge* v. *New Hampshire, supra,* to be appropriate:

> "Where, once an otherwise lawful search is in progress, the police inadvertently come upon a piece of evidence, it would often be a needless inconvenience, and sometimes dangerous—to the evidence or to the police themselves—to require them to ignore it until they have obtained a warrant particularly describing it."

We therefore hold that the trial court did not err in overruling Apple's motion to suppress the gun rack, blanket, and candle holder.

As her second issue, Apple challenges the trial court's determination that her confession was voluntary and admissible. The record reveals that about twenty-six hours following her arrest, Apple communicated a desire to make a statement to the police and did so after being fully informed of her rights. She now argues that her statement was rendered inadmissible under IC 1971, 35-5-5-3; Ind. Ann. Stat. § 9-1636 (Burns 1973 Supp.), which reads:

"In any criminal prosecution by the state of Indiana, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law enforcement officer or law enforcement agency, shall not be inadmissible solely because of the delay in bringing such person before a judge if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention:

"Provided, That the time limitation contained in this section shall not apply in any case in which the delay in bringing such person before a judge beyond such six-hour period is found by the trial judge to be reasonable, considering the means of transportation and the distance to be traveled to the nearest available judge." [Acts 1969, ch. 312, § 3, p. 1293.]

Apple interprets this statute to absolutely bar admission of a confession obtained beyond the six hour period unless it is determined by the trial judge that the failure to bring the defendant before a judge within six hours is reasonable, considering distance and manner of transportation. The State, on the other hand, contends that the statute does not flatly prohibit admission of a confession given after the initial six hours following arrest. Rather, it is argued that the delay is but one factor to be considered in determining voluntariness and admissibility.

Although we find no Indiana cases construing this statute, we note that it has a counterpart in Federal law. This section

and four others, all pertaining to the subject of voluntariness and admissibility of confessions, were adopted by our Legislature in 1969. IC 1971, 35-5-5-1 to 5; Ind. Ann. Stat. §§ 9-1634 to 38 (Burns 1973 Supp.)[1] These statutes are nearly identical to those contained in a section of the Federal Omnibus Crime Control and Safe Streets Act of 1968. 18 U.S.C. § 3501 (a) - (e).

The legislative history of the Act, as contained in 2 *U.S. Code Cong. and Adm. News* 2112 (1968), reveals that these sections were enacted to ensure the public's right to have a defendant's voluntary confession and incriminating statements placed into evidence. The specific purpose of sub-section 3501 (c), the federal counterpart of the statute being questioned in the

---

1. "9-1634. In any criminal prosecution brought by the state of Indiana, a confession, as defined in section (5) [§ 9-1638] hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence and hearing of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made, it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances. [Acts 1969, ch. 312, § 1, p. 1293.]

"9-1635. The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including but not limited to (1) the time elapsing between the arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession. The presence or absence of any of the above mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession. [Acts 1969, ch. 312, § 2, p. 1293.]

"9-1637. Nothing contained in this act [§§ 9-1634—9-1638] shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person without interrogation by anyone, or at any time at which the person who made or gave such confession was not under arrest or other detention. [Acts 1969, ch. 312, § 4, p. 1293.]

"9-1638. As used in this act [§§ 9-1634—9-1638], the term 'confession' means any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing." [Acts 1969, ch. 312, § 5, p. 1293.]

instant case, was to ensure that confessions made subsequent to an arrest would not be rendered inadmissible solely due to delay in bringing the suspect before a magistrate or commissioner.

The need for section 3501(c) was an outgrowth of judicial interpretation of rule 5(a) of the Federal Rules of Criminal Procedure, which at that time read:

> "An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith."

Pursuant to this rule, the Supreme Court, in the landmark case *Mallory* v. *United States* (1957), 354 U.S. 449, 77 S. Ct. 1356, 1 L. Ed. 2d 1479, reversed a conviction of rape where officers had elicited a confession through interrogation prior to bringing the petitioner before a commissioner the day following his arrest. *Mallory, supra,* inevitably led to decisions such as *Alston* v. *United States* (D.C. Cir. 1965), 348 F. 2d 72, wherein a confession elicited through questioning at police headquarters less than an hour after the petitioner's arrest was held inadmissible pursuant to rule 5(a).

The specific purpose of sub-section 3501(c) was to abrogate the growing *Mallory* doctrine. Moreover, under § 3501(a)-(e), while delay was to be a factor to consider in determining voluntariness, it would not in and of itself dictate the automatic exclusion of an otherwise competent confession.

In response to the argument that the Indiana counterpart of sub-section 3501(c), bars admission of a confession where there has been a delay exceeding the specified six-hour period, we direct Apple's attention to the federal answer to that contention:

"Hathorn next contends that the delay in obtaining the confession made to the FBI and the delay in bringing him before a federal magistrate is violative of 18 U.S.C.A. § 3501 (1969), and that therefore his confession should have been suppressed. Hathorn was arrested at approximately 10.00 p.m., but the FBI was not notified until early the next morning. The FBI agent did not arrive at the Philadelphia jail until about noon of that day. The confession was obtained shortly after the interrogation began. Hathorn construes Section 3501(c) to read that all confession obtained more than six hours after arrest are not admissible in a trial in a federal court. We disagree.

\* \* \*

"We believe the correct interpretation to be that Congress established six hours as a minimum period which would pass muster. If, therefore, a longer delay occurs, it merely constitutes another factor to be considered by the trial judge in determining voluntariness.

\* \* \*

"No federal charges were lodged against Hathorn and he was not taken before a magistrate for arraignment until five days after he confessed. He remained under state detention during this five-day period. No reason appears in the record for this delay. We conclude that the period between confession and arraignment is, like the period between arrest and confession, no more than an additional factor that the trial judge should consider in his determination of voluntariness. . . ." *United States* v. *Hathorn* (5th Cir. 1971), 451 F. 2d 1337.

Further, in *United States* v. *Keeble* (8th Cir. 1972), 459 F. 2d 757, it was held:

"Subsection (c) of § 3501 provides the method for treatment of delay. It complements subsections (a) and (b), and does not say that a delay of more than six hours makes the confession automatically inadmissible. After consideration of the delay between arrest and confession, a court may still find that the confession is voluntary under § 3501 (b) and admit it under § 3501 (a)."[2] See also, *United States* v. *Marrero* (2d Cir. 1971), 450 F. 2d 373, *cert. denied*, 405 U.S. 933, 92 S. Ct. 991, 30 L. Ed. 2d 808.

---

2. The Indiana counterparts to subsections 3501(a) and (b) are Burns §§ 9-1634 and 35, as heretofore set forth in Footnote 1.

It would be illogical to conclude that our legislature, in incorporating subsection 3501 (c) into our law under § 9-1336, entertained an intent opposite that of Congress.

For this reason, we hold that delay in bringing a defendant before a trial judge under § 9-1636 is but one factor to be considered in determining the admissibility of a confession taken more than six hours after a defendant's arrest. A trial court may still find that the confession is voluntary under § 9-1635 and admissible under § 9-1634. Hence, we must reject Apple's construction of § 9-1636.

Apple next argues that the court erred in failing to make a detailed finding of record on each of the elements to be considered in determining the voluntariness of the confession, including also the element of delay in obtaining the confession after arrest. No authority is cited in support of this contention, nor is such action mandated by the statutes to be followed in determining voluntariness and admissibility.

Apple's version of the circumstances under which her confession was given is in considerable conflict with the testimony of the officers present. However, it is elementary that this court cannot undertake a determination of the credibility of witnesses. The testimony of the officers reveals that Apple requested the conversation with them. After being fully advised of her rights pursuant to *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, she signed a valid waiver form. After she had given her voluntary statement, it was read to her and she signed it in the presence of all three officers.

In *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790, our Supreme Court applied the following legal standard as expressed in *Nacoff* v. *State* (1971), 256 Ind. 97, 267 N.E.2d 165, in determining whether the accused had voluntarily waived his rights:

"The question is whether, looking at all the circumstances, the confession was free and voluntary, and not induced by

any violence, threats, promises, or other improper influence."

Testimony reveals that at the time of the questioning, Apple had been informed of the charge against her. The officers denied that any promises were made to induce her confession, or that she was threatened in any manner. The statement was given at her request, and the length of the interrogation session was not unreasonable. She did not at that time express a desire to speak with an attorney. Neither did she indicate any desire to stop the questioning.

On the basis of this testimony, we hold that it could have reasonably been determined under § 9-1635 that Apple's confession was voluntarily given, despite the delay in bringing her before a judge.

Apple next argues that the court erred in failing to instruct the jury " . . . to give such weight to the confession as the jury feels it deserves under all the circumstances," pursuant to § 9-1634. However, there is absolutely no indication in the record that Apple took any steps to ensure that the jury was instructed on this point. In the absence of such a showing, Apple may not now claim that the jury was improperly or inadequately instructed. *Berry* v. *State* (1972), 153 Ind. App. 387, 287 N.E.2d 557; *Barker* v. *State* (1958), 238 Ind. 271, 150 N.E.2d 680.

Since Apple has failed to cause her tendered instructions, if any, and the court's final instructions, as well as any objections thereto, to be included in the record on appeal, we are unable to determine whether the jury was properly instructed.

Finally, Apple challenges the sufficiency of the evidence to support her conviction. It is elementary that a conviction must be affirmed if there is substantial evidence of probative value upon each of the material elements of the crime charged from which the defendant's guilt could be inferred beyond a reasonable doubt.

In our search of the record. we can neither weigh conflicting evidence nor resolve questions of credibility. Rather, we examine only that evidence most favorable to the State, together with all the reasonable and logical inferences therefrom.

The material elements of second degree burglary are: (1) breaking (2) and entering (3) into a building or structure other than a dwelling house or place of human habitation (4) with the intent to commit a felony therein.

A lengthy summarization of the evidence presented at trial would serve no useful purpose. In our opinion the defendant's guilt is established beyond a reasonable doubt through the testimony of her accomplice, the investigating officers and other witnesses, and her own voluntary statement.

Finding no error in the trial proceedings, judgment is hereby affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 304 N.E.2d 321.