RICHARD PHILLIPS AND ROGER WARTHAM *v.* STATE OF INDIANA.

[No. 2-874A188. Filed December 16, 1974.]

*Stephen J. Cuthbert,* Tippecanoe Public Defender, of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LOWDERMILK, J.—About 2 A.M. on June 18, 1973, a Mr. Merrill heard a thumping, banging, and breaking of glass at the American Club which was directly across the street from his home. Mr. Merrill immediately rushed to his automobile and drove two blocks to a drive-in and thereupon called the Lafayette Crime Alert. He then returned to his home, arriving at the same time that the police appeared at the club. Police officers observed a person running inside the club and also saw a door at the rear of the club open slightly and then slam shut. Upon entering the club the officers observed many broken beer bottles inside the rear door and found appellant Phillips laying on the floor of the tavern with a tire tool close at hand. Appellant Wartham and a

third person were discovered hiding in the men's restroom. There was evidence that the club had been forcibly broken into and that pry marks were on two of the doors and on a jukebox inside the club. The pry marks were found to match the tire tool which was found near appellant Phillips.

Appellants testified that they merely drove by the club and observed an open door. They allegedly went into the club but had no intent to rob the club. Appellants also contend that they were totally intoxicated at the time.

There is further evidence that Officer Cassman had been by the club only ten minutes prior to this time on his regular patrol and observed that the doors were all closed and that a security bar was in place. No pry marks were visible at that time.

Appellants were subsequently charged with the crime of second degree burglary. Trial was had to a jury and appellants were found guilty as charged and sentenced pursuant to statute.

The crime of second degree burglary was discussed by Judge Lybrook of this court in the case of *Apple* v. *State* (1973), 158 Ind. App. 663, 304 N.E.2d 321, 326, as follows:

> "The material elements of second degree burglary are: (1) breaking (2) and entering (3) into a building or structure other than a dwelling house or place of human habitation (4) with the intent to commit a felony therein."

Appellants concede that there is sufficient evidence to support elements 2 and 3, but contend that there was not sufficient evidence to support elements 1 and 4.

The errors complained of in this appeal are that there was insufficient evidence to support the verdict of the jury on elements 1 and 4 and that the conviction is thereby contrary to the evidence and contrary to law. Appellants further urge that the trial court erred in overruling their motions for a directed verdict of acquittal following the evidence of the State and after all the evidence had been presented.

· We shall group these specifications together in this appeal as each specification raises basically the same alleged error. *Holliday* v. *State* (1970), 254 Ind. 85, 257 N.E.2d 679.

Appellants first argue that there is no evidence to indicate that they entered the club with the intent to commit a felony therein. It is our opinion that this contention must be rejected. There was evidence that an attempt had been made to break into a jukebox coin box. There is further evidence that a man was seen running inside the club, that the rear door was partially opened and then slammed shut, and that two of the men were found hiding in the restroom.

· The test on appeal on sufficiency of the evidence was stated in the case of *Napier* v. *State* (1973), 260 Ind. 614, 298 N.E.2d 427, at pp. 427 and 428, as follows:

> ". . . When the sufficiency of evidence is raised on appeal, this Court will neither weigh the evidence nor resolve questions concerning the credibility of witnesses. Only that evidence most favorable to the state will be considered together with all reasonable inferences to be drawn therefrom, and if, from that viewpoint, there is substantial evidence of probative value to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. . . ."

· The evidence and the reasonable inferences therefrom are more than sufficient to support the finding of the jury that the appellants had the requisite intent to commit a felony in the club. Appellants have argued that they were intoxicated at the time and could not form a criminal intent. However, as a general rule voluntary intoxication is not a defense in a criminal proceeding. The question of intoxication is one of fact for the jury. *Emler* v. *State* (1972), 259 Ind. 241, 286 N.E.2d 408.

At trial appellants failed to convince the jury that their intoxication was of such an extent that they were incapable of entertaining the required specific intent. Further, there is evidence from the police officers that they observed that the

appellants had been drinking but stated that the appellants were not drunk.

Appellants have also argued that there is no evidence of a breaking on their part. While it is true that there was no eye witness to the breaking, there is an abundance of circumstantial evidence to support a finding that the appellants did in fact break into the club. Initially, Mr. Merrill heard the breaking of glass, thumping, and banging coming from the American Club. He immediately called the police and the police arrived on the scene in a very short time. One of the appellants was found in the club on the floor with a tire tool next to him. There is evidence that this tire tool could have been used to pry open two doors as well as the jukebox. Additionally, there was a hole knocked in a wall of the club and the evidence disclosed that the tire tool could also have been used to do this. Further, Officer Cassman had patrolled the area ten minutes earlier and found nothing at the club disturbed.

To rebut this evidence appellants testified that they merely walked into the club through an open door and that all of the damage had been done before they got there and that one of the appellants had picked up the tire tool in the club.

The test on appeal for circumstantial evidence was stated in this case of *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554, 556, as follows:

". . . Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court, . . ."

There is certainly sufficient evidence of probative value and reasonable inferences therefrom to support the finding of the jury that the appellants did break into the club.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 319 N.E.2d 863.