Dan P. DONNERSBACH, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1181S320.

Supreme Court of Indiana.

Feb. 17, 1983.

Susan K. Carpenter, Public Defender David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Burglary, Ind.Code § 35–43–2–1 (Burns 1979) and of being an Habitual Offender, Ind.Code § 35–50–2–8 (Burns Supp.1982) and was sentenced to thirty-two (32) years imprisonment. This direct appeal presents the following issues:

(1) Whether the trial court erred in allowing a lawyer who had represented Defendant when he was the defendant in one of the underlying felony charges to testify as a witness for the State.

(2) Whether the evidence was sufficient to sustain the Burglary conviction.

(3) Whether the evidence was sufficient to sustain the habitual offender finding.

(4) Whether the enhancement of the sentence by thirty years mandated by the habitual offender statute constitutes cruel and unusual punishment.

\* \* \*

## ISSUE I

Defendant first contends that the trial court erred in allowing his former attorney to testify for the State in the habitual offender proceedings. Documentary evidence, an order book entry and supporting papers, shows that Defendant pled guilty to First Degree Burglary in January, 1978. He was then represented by the witness, who, at the instant habitual offender proceedings, related the conviction and identified Defendant as the person who had pled guilty to that charge at that time.

Defendant argues that the same policy considerations, which preclude one's former defense counsel from prosecuting him on an habitual offender charge, *State ex rel. Meyers v. Tippecanoe County Court,* (1982) Ind., 432 N.E.2d 1377 (per curiam), apply with equal force to the case at bar. Contrary to Defendant's assertion, however, his attorney was not required to help convict him by disclosure of information gained through the professional relationship. His attorney was called upon merely to confirm the contents of the documents which were public records, and to identify him as the one to whom they pertained. His testimony, identifying Defendant, revealed nothing confidential. *Colman v. Heidenreich,* (1978) 269 Ind. 419, 427, 381 N.E.2d 866, 871. Defendant's argument has no merit.

## ISSUE II

Defendant was charged with breaking and entering the building or structure of Portland Farm Equipment, Inc. At the close of the State's case, Defendant moved for a judgment upon the evidence, claiming a lack of evidence that Portland Farm Equipment, Inc. was a corporation in good standing and capable of holding property and doing business in Indiana. He argues that the State had not shown that the building was "of another person" as required by Ind.Code § 35–43–2–1.

**1186**

The victim of the Burglary, who stopped the Defendant as he was exiting the building through a window, testified that he was the President of Portland Farm Equipment, Inc., a business which sold and serviced farm machinery. The business was in its 23rd year and was located at 240 South Meridian Street in Portland, at the time of trial in 1981. From this testimony the jury could have inferred that the building, which Defendant had burglarized, was the "building or structure of another person" as that term is used in the Burglary statute. *Cook v. State,* (1980) Ind.App., 403 N.E.2d 860, 868 (trans. denied); Ind.Code § 35–41–1–2 (Burns 1979).

Defendant also argues that he did not have the requisite intent to commit Burglary. At trial his co-defendant testified that both men were very intoxicated at the time of committing the offense. The jury was, consequently, instructed upon the defense of voluntary intoxication.

The evidence upon the issue of intoxication was conflicting. The victim's son, who helped his father to subdue Defendant, testified that he smelled "a little bit of alcohol" upon Defendant. Photographic evidence depicted the interior of the building, including newly broken windows, after the incident. The police had arrived within ten to fifteen minutes after Defendant's capture. One officer testified that he detected a moderate odor of beer upon Defendant. He added that Defendant was responsive to questions asked and that he, the officer, had had no difficulty in understanding him. The other officer corroborated this testimony and added:

"Q. Ok, and, eh, eh, the things stated by the Defendant were they responsive to the questions?

"A. Yes sir they were. I read him his, eh, Miranda warning, and after doing so I asked him if he understood it and he came right back at me and said he did."

The officer concluded from his observations that Defendant was not intoxicated. From the State's evidence the jury could have found, beyond a reasonable doubt, that Defendant was not so intoxicated as to have been unable to entertain the intent required to commit Burglary. *Bean v. State,* (1978) 267 Ind. 528, 538, 371 N.E.2d 713, 718; *Penman v. State,* (1975) 163 Ind.App. 583, 586, 325 N.E.2d 478, 481; *Phillips v. State,* (1974) 162 Ind.App. 431, 434–35, 319 N.E.2d 863, 865.

## ISSUE III

Defendant first argues that his 1978 conviction for Forgery did not qualify as a prior felony conviction under the habitual offender statute, because he had been sentenced to probation, an assertedly illegal sentence under the circumstances. Forgery is a class D felony, and the evidence shows that Defendant pled guilty to a class D felony and was sentenced upon that plea. Ind.Code § 35–50–2–8(b) (Burns Supp.1982) provides in pertinent part:

"After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, a person has accumulated two (2) prior unrelated felony convictions."

Defendant had been convicted and sentenced for the felony of Forgery. For purposes of habitual offender status, the penalty actually imposed was irrelevant. *Underhill v. State,* (1981) Ind., 428 N.E.2d 759, 771.

Defendant next contends that his aforementioned Burglary conviction did not qualify as a prior felony conviction because he had been sentenced under the now repealed First Offender—Minor statute, Ind. Code § 35–8–3–1 (Burns 1975). Again, the evidence discloses that Defendant pled guilty to a felony charge and was sentenced upon that plea. The penalty actually imposed was of no consequence. *Underhill v. State, supra.*

The evidence was sufficient to sustain the habitual offender finding, and Defendant's arguments have no merit.

## ISSUE IV

Defendant contends that the mandatory enhancement of the sentence by thirty years as imposed by Ind.Code § 35–50–2–8,

constitutes cruel and unusual punishment in his case. Defendant was convicted of a class C felony. Under the circumstances, the sentence of thirty-two years is less than the authorized presumptive sentence of thirty-five years. Given that the purpose of the habitual offender statute is to penalize more severely those persons whom prior sanctions have failed to deter from committing felonies, the penalty imposed was not so disproportionate to the offense committed as to constitute cruel and unusual punishment. *Whitacre v. State,* (1980) Ind., 412 N.E.2d 1202, 1207; *Duncan v. State,* (1980) Ind., 409 N.E.2d 597, 603 (cases cited therein).

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.