ARTHUR MCFARLAND *v.* STATE OF INDIANA.

[No. 671S194.  Filed May 10, 1973.]

*Chester H. Wilson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Arthur McFarland, appellant (defendant below), from a conviction for aggravated assault and battery. On November 10, 1970, appellant was charged by indictment with the offense of assault and battery with intent to kill. Appellant entered a plea of not guilty and was tried by the court without a jury. The court made a finding of guilty for the offense of aggravated assault and

battery. Appellant's Motion to Correct Errors was overruled and this appeal followed.*

The only issue on appeal is whether the evidence is sufficient to support the conviction. When reviewing the sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of the witnesses. Only that evidence most favorable to the State and the reasonable inferences to be drawn therefrom will be considered. As long as there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Jackson* v. *State* (1971), 257 Ind. 477, 275 N. E. 2d 538.

The evidence most favorable to the State is as follows. In the early morning hours of June 4, 1970, Otis Boyd was sitting with some companions in a tavern in Indianapolis. Appellant, who appeared drunk, joined the group. Appellant directed some derogatory remarks toward Otis Boyd and one of his companions, and a fight then erupted between appellant and Otis Boyd. Although the testimony is in conflict, a number of witnesses testified that appellant started the fight and was at all times the aggressor. In the course of the brawl, appellant stabbed Otis Boyd with a knife several times, collapsing a lung, and Boyd countered by breaking a beer bottle over the appellant's head.

Appellant contends he did not initiate the fight and was not the aggressor. The statute under which appellant was convicted, IC 1971, 35-13-3-1 (Ind. Ann. Stat. § 10-410 [1972 Supp.]) reads in part:

> "Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery. . . . ."

Appellant asserts that the act was not done "unlawfully" because he was only acting in self defense. Although the

* This case was re-assigned to this office on February 27, 1973.

testimony on this issue is conflicting, we must view the evidence in a light most favorable to the State. Substantial evidence of probative value was presented indicating appellant was the instigator and aggressor in the fight. The evidence was clearly sufficient to sustain the conviction. The judgment of the trial court is therefore affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan, Prentice, JJ., concur.

NOTE.—Reported in 295 N. E. 2d 809.