TRUMAN COFFEY *v*. STATE OF INDIANA.

[No. 1-972A74. Filed June 7, 1973. Rehearing denied July 18, 1973.]

*Lawrence D. Renfro, Renfro & Whitton,* of New Castle, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, P.J.—Defendant Coffey was charged by affidavit on April 2, 1969, with the offense of aggravated assault to which he entered a plea of not guilty. On February 28, 1972, a jury found Coffey guilty of aggravated assault and battery, and he was thereafter sentenced accordingly by the Henry Circuit Court. By way of his overruled motion to correct errors, Coffey raises two issues for review on appeal: (1) whether the trial court erred in denying Coffey's motion for discharge, and (2) whether there was sufficient evidence to sustain the jury's verdict. We are of the opinion that neither issue presents reversible error.

Coffey's motion for discharge alleged that he had been held[1]

---

1. Coffey's motion for discharge states that he had been "held" without trial for almost three years, but it appears from the record that he was released on bond during this period.

on the charge of aggravated assault without trial for a period of almost three years, and that such a delay was in violation of his constitutional right to a speedy trial. Trial of this cause was originally set for May 20, 1969, approximately one month and a half subsequent to the filing of the affidavit. On May 13, 1969, Coffey, by counsel, requested a continuance which was granted, and the cause was ordered reset for trial at a later date. Thereafter trial was set for March 23, 1970, on which date Coffey filed a second motion for continuance which was granted. On September 3, 1970, the court set trial for March 22, 1971, and notified counsel. However, on March 18, 1971, counsel for Coffey made a third motion for continuance which was granted, and the March 22nd trial date was stricken. Trial was finally set for February 28, 1972, at which time Coffey motioned the court for discharge which was overruled and trial was commenced.

It is apparent from the foregoing review of the proceedings in this cause that the delay in bringing Coffey to trial was due to his own acts or to the acts of counsel acting on his behalf. Such a situation is expressly contemplated by Rule CR. 4, Ind. Rules of Proc., pertinent portions of which read:

"(C) No person shall be held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than one [1] year continuously from the date on which a recognizance was first taken therein; but he shall be discharged except as provided by subdivision (A) of this rule."

Subdivision (A) of CR. 4 reads:

"(A) No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than six [6] months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); *except where a continuance was had on his motion, or the delay was caused by his act. . . .*" (Emphasis added).

Also see *Cody* v. *State* (1972), 259 Ind. 570, 290 N.E.2d 38; *Easton* v. *State* (1972), 258 Ind. 204, 280 N.E.2d 307; *Kelley* v.

*State* (1973), 156 Ind. App. 134, 295 N.E.2d 372. Accordingly, we find that the trial court did not err in overruling the motion for discharge.

The substance of Coffey's argument challenging the sufficiency of the evidence is that the State failed to prove beyond a reasonable doubt that he did anything more than slap the prosecuting witness which would constitute the offense of assault and battery rather than aggravated assault and battery of which Coffey was convicted. The elements of the offense of aggravated assault and battery are defined by IC 35-13-3-1, Ind. Ann. Stat. § 10-410 (Burns 1972 Repl.) which reads:

> "Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery and upon conviction shall be imprisoned in the state prison for not less than one [1] year nor more than five [5] years, to which may be added a fine in any amount not to exceed one thousand dollars [$1,000]."

Viewing the evidence most favorable to the State, as the appellee in this cause, the record reveals that on March 25, 1969, Lonzo Marcum and Stanley Groce were attempting to leave the Bamboo Inn in New Castle, Indiana, when they were shoved through the doorway by Coffey and two others, all of whom had been drinking in the Bamboo Inn. Marcum and Groce were not acquainted with Coffey, nor had there been any previous argument or conversation between them. Marcum testified that after they were shoved through the door, Coffey and the other two men began knocking Groce down each time he attempted to get up and that he (Marcum) then "jumped in to break it up." In attempting to break up the fight, Marcum was confronted by Coffey who Marcum first believed slapped him but later determined that he had been "cut" by Coffey because he was bleeding from his face and hand. Marcum then returned to the tavern where an ambulance was summoned and he was taken to the hospital. The wounds inflicted upon Marcum by Coffey required nineteen stitches in his hand

and face. While Marcum testified that he at no time saw a knife in Coffey's possession, Groce, upon cross-examination by defense counsel, stated that he saw Coffey holding a knife in his hand shortly before the police arrived. Another witness also stated that he saw knives being "flashed" but that he could not determine who was holding a knife.

Although, as urged by Coffey, there is no eyewitness evidence of Coffey cutting Marcum with a knife, there is nonetheless substantial proof in support of the conclusion that Marcum was cut by a knife or some sharp object, as shown by the nature of his wounds, and that it was Coffey who inflicted the wounds. We believe that this proof, coupled with the direct evidence that Coffey was in possession of a knife when the melee subsided, was sufficient for the jury to find Coffey guilty beyond a reasonable doubt of aggravated assault and battery.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 296 N.E.2d 663.