LEROY MARTIN *v.* STATE OF INDIANA.

[No. 873S168. Filed January 29, 1974.]

*W. Henry Walker, Walker and Walker,* of East Chicago, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—On March 21, 1973, Leroy Martin was charged, by indictment, with the first degree murder of Willie Garrett. Martin, claiming self-defense, pled not guilty. Briefly, the story is that the Appellant, Leroy Martin, saw Willie Garrett (an ex-convict who believed Martin had done the "snitching" which resulted in Garrett's imprisonment) at a funeral home. When Garrett hailed Martin and approached him on the steps of the funeral home, Martin drew a gun and shot Garrett three times. Garrett apparently drew no weapon nor possessed one at the time of the shooting.

Appellant's first contention is that the array of the jury was improper. He offers no evidence other than the fact "that many of these listed veniremen are in alphabetical order, in a manner which would appear unlikely that they were drawn by lot as set forth in the statute." IC 1971, 33-15-22-1, [Burns Ind. Ann. Stat. § 4-7118 (1956 Repl.).] Nevertheless, Appellant in his brief admits that the only positive evidence on this issue is the testimony of a jury commissioner that the commissioners followed the statutory procedure. Therefore, we can find no ground for reversible error in the respect urged.

During the course of the trial the Appellant took the witness stand on his own behalf. He opened up the area of his prior criminal record. That is, he testified on direct examination as to his "conflicts with the law." The State, on cross-examination, pursued these matters. One of these incidents was an assualt and battery upon his step-father. Appellant objected to such cross-examination. The court ordered that the testimony be stricken and that the jury disregard the testimony. Also on cross-examination, the State brought out a conviction for a narcotics misdemeanor. Appellant objected to this line of questioning.

As to the assault and battery conviction, Appellant does not attempt to show that the Court's curative admonishment was not sufficient even if it is assumed the cross-examination was improper. The admonition to disregard is presumed to correct any alleged error. *Ward* v. *State* (1965), 246 Ind. 374, 205 N. E. 2d 148 (and cases cited therein). More importantly, as to both incidents the rule is well established that once a party opens up a subject on direct examination, he can not close the subject to cross-examination at his own convenience. *Sherwood; Sayer* v. *State* (1960), 241 Ind. 215, 170 N. E. 2d 656; *Brower* v. *State* (1956), 236 Ind. 35, 138 N. E. 2d 237; *Hicks* v. *State* (1938), 213 Ind. 277, 12 N. E. 2d 501, *cert. denied* 304 U.S. 564, 82 L. Ed. 1531, 58 S. Ct. 951. We find no error in the respect urged.

Appellant claims error with reference to a Preliminary Instruction upon self-defense. No objection was made at trial and the error is therefore waived. Rule TR. 51(A) (C). We further point out that error is waived by the failure of appellant to set out the instruction complained of in the brief as required by Rule AP. 8.3(A)(7).

Lastly, appellant claims that the evidence is insufficient to warrant a conviction. The appellant claimed self-defense. The evidence is conflicting. In such a situation the trier of fact may reasonably accept or reject the claim. *Yarber* v. *State* (1962), 242 Ind. 616, 179 N. E. 2d 882; *Schlegel* v. *State* (1958), 238 Ind. 374, 150 N. E. 2d 563. We can not say that in this case the jury's decision was unreasonable or arbitrary. An eye-witness testified that the victim, who had been released from prison the preceding day, called to the appellant ["Hey, Martin, come here."], approached within five (5) or six (6) feet of the appellant and stopped. Appellant then drew a gun and shot the victim. Appellant attempted to support his claim of self-defense by adducing evidence that the victim, a much larger man than

appellant, had previously threatened the appellant. The jury chose not to accept this theory of self-defense.

This Court does not weigh evidence nor resolve questions concerning the credibility of witnesses. Instead, the Court will look to that evidence most favorable to the appellee and the reasonable inferences therefrom, and the conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the Appellant was guilty beyond a reasonable doubt of the crime for which he was convicted. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N. E. 2d 686; *Riner* v. *State* (1972), 258 Ind. 428, 281 N. E. 2d 815; *Buise* v. *State* (1972), 258 Ind. 321, 281 N. E. 2d 93.

Therefore, for the reasons stated we find no merit to the complaint of the appellant that the Trial Court erred.

Judgment affirmed.

Givan, Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 306 N. E. 2d 93.