## L. C. SANDERS *v.* STATE OF INDIANA.

[No. 2-673A139. Filed July 10, 1974. Rehearing denied August 14, 1974.]

*Kenneth C. Kern & Associates*, of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

WHITE, J.—Defendant-appellant Sanders was tried without a jury on an affidavit charging him and one William Rogers (Rogers), both 19 years of age, with aggravated assault and battery.[1] (Rogers was permitted to plead guilty to simple assault and battery and testified as a State's witness at Sanders' trial.) Sanders brings this appeal from the one-to-five year sentence imposed upon being found guilty as charged.

The facts most favorable to the State are that the victim, Wilson Carter, an Indianapolis Police Officer, was among officers who had been called to "Concord Village" (apartment complex and community center), 3300 block of Concord Court (near 2700 block of West Walnut St.), Indianapolis, on June 1, 1972, to control a disturbance which began about 10:45 P.M. following a dance for youths. When most of the youths had left the center Officer Carter started to leave by driving east on Walnut Street. In about the 2800 block of West Walnut he saw Rogers breaking out car windows. He stopped the car and approached Rogers. "At that time, someone came up

---

1. IC 1971, 35-13-3-1, Ind. Ann. Stat. § 10-410 (Burns Supp. 1973) states:
   "Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery and upon conviction shall be imprisoned in the state prison for not less than one [1] year nor more than five [5] years, to which may be added a fine in any amount not to exceed one thousand dollars [$1,000]."

from behind me and struck me in the side of the head and struck me with what, I don't know. I turned around and saw the defendant L. C. Sanders [about two feet from me.]" Sanders ran away and Rogers threw a bottle which struck the officer on the shoulder inflicting no injury.

The blow struck by Sanders, however, cut the officer's right eye and injured its "interior", resulting in 50% permanent "disability" to the eye. He was hospitalized for seven days.

At the time these incidents occurred there was no one but Sanders and Rogers within fifty feet of the officer.

Rogers testified by words and demonstration that he was running down the street with Sanders behind him. He heard "L.C." say "watch out" and he turned around. He then saw L.C. jumping back, some three feet from Carter. Carter "balled up and went down" and "blood and stuff was coming out of his face". Carter drew his gun and Rogers picked up a bottle and threw it at him.

Both Carter's and Rogers' testimony support directly and by inference, a finding that no one but appellant was close enough to Carter to have inflicted the injury.

During the course of his testimony Officer Carter identified four colored photographs of himself taken at the hospital and depicting his injuries. Defendant objected to the admission of these pictures into evidence for the reason that they do not coincide with the officer's testimony in that they show wounds to the front of the face which could not have been inflicted by a blow to the side of his head. Appellant's brief asserts that the trial court erred in admitting these photographs, but the argument in his initial brief and in his reply brief concerning them is to the effect that they show that he could not have inflicted Carter's injuries.

In fact, the thrust of virtually all of appellant's argument is that inasmuch as no one saw him strike Carter, the evidence that he did so is entirely circumstantial and "[s]ince

the circumstantial evidence supports other possibilities, and at most, creates a suspicion of guilt, the guilty judgment is contrary to law." He does add that the State failed to prove aggravated assault and battery since there was no medical evidence that the injury was serious.

Appellant's argument is founded on the following quotation from *Easton* v. *State* (1967), 248 Ind. 338, 344, 228 N.E.2d 6, 10-11:

> "Where the evidence of an issuable fact is wholly circumstantial in nature the evidence must be so conclusive and compelling in character that it excludes every reasonable hypothesis of the presumption of innocence of the defendant. *White* v. *State* (1948), 226 Ind. 309, 79 N.E.2d 771. While the above rule has been held to be for the guidance of the trial court and on appeal it is not the province or right of this Court to weigh the evidence, however, it is the duty of this Court to examine the record of the evidence to determine whether there was sufficient evidence substantial in character to support the court's finding on each of the issuable facts or elements of the crime charged beyond a reasonable doubt. *White* v. *State, supra; Baker* v. *State, supra.*"

While acknowledging the rule stated in the second sentence appellant fails to effectively apply it. By hypothesizing other possible causes for Carter's injuries, appellant attempts to show that "every reasonable hypothesis . . . of innocence" was not excluded. The mandate of the second sentence, however, clearly precludes such a reweighing of the evidence making it "the duty of this Court to examine the record of the evidence to determine whether there was sufficient evidence substantial in character to support the [trial] court's finding on each of the issuable facts or elements of the crime charged beyond a reasonable doubt."

On doing so, we have *not* found (as the next paragraph of *Easton, supra,* 248 Ind. at 344 requires) that "some material element or issuable fact had not been sufficiently proved and [have not found that] therefore no reasonable man could find the issuable fact had been proved beyond a reasonable doubt."

On the contrary, it is quite evident that even though "different persons might reasonably arrive at different conclusions than that reached by" the trial court, he could well have been "so convinced by the evidence that as a prudent man he would feel safe to act upon such conviction in matters of the highest concern and importance to his own nearest, dearest, and most important interests in circumstances where there was no compulsion or coercion to act at all." (Id. at 344-345.)

As to the absence of medical evidence of "great bodily harm", *Valentine* v. *State* (1971), 257 Ind. 197, 273 N.E.2d 543, 545, aptly states that such "contention is without merit." As there defined, citing *Froedge* v. *State* (1968), 249 Ind. 438, 233 N.E.2d 631, there can be no question but that the injury described by Officer Carter (and depicted in the photographs) constituted "great bodily harm", notwithstanding appellant's argument to the contrary.

The judgment is affirmed.

Sullivan, P.J. and Buchanan, J., concur.

NOTE.—Reported at 313 N.E.2d 551.