ANTHONY BURRELL WRIGHT *v.* STATE OF INDIANA.

[No. 3-973A124.  Filed March 27, 1975.  Rehearing denied May 29, 1975.
Transfer denied September 16, 1975.]

---

5.   See, e.g. *Dale* v. *Trent* (1970), 146 Ind. App. 412, 256 N.E.2d 402.

*Foster, Stanish & Kouris,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

STATON, P.J.—A jury found Anthony Burrell Wright guilty of first degree burglary as charged in the affidavit. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956). He was sentenced to a term of not less than ten (10) nor more than twenty (20) years. His motion to correct errors raises two issues on appeal:

Issue One: Was the overruling of Wright's motion for a mistrial error?

Issue Two: Was the overruling of Wright's objection to the State's cross-examination on Wright's prior arrests error?

After reviewing these issues, we conclude that the trial court did not commit error when it overruled Wright's motion for a mistrial before the jury was sworn. We further conclude that Wright's direct examination opened the door on his prior arrests. The State's question on cross-examination was proper, and Wright's objection was properly overruled by the trial court. We affirm.

## I.

### *Motion for Mistrial*

Allen Dean Smith, a co-defendant, was to be tried with Wright. A voir dire of the prospective jurors had commenced when Smith addressed the court:

"Your Honor, may I approach the Bench? I turned myself in, I don't know why I should be arrested or tried with this man, I was not arrested with this man! I request a separate trial."

The prosecutor replied:

"It's my understanding Mr. Smith was going to plead, your Honor. I assume that he was."

After an admonishment by the trial court, the voir dire was continued by the prosecutor. Later, Smith, his defense counsel, and the prosecutor requested permission to address the bench. In a whispering tone off the record, Smith requested to plead guilty. At the direction of the trial court, Smith, his defense counsel, and the prosecutor returned to their seats and continued with the voir dire of the prospective members of the jury. Later, the prospective jurors recessed for lunch. Before they left the courtroom, the trial court admonished them as follows:

"Before you proceed, gentlemen, we will adjourn at this time. I will request that you people come back at 1:00 o'clock promptly. In the meantime, I am addressing not only the 12 people on the Jury, but also to the rest of the prospective jurors, not to talk to each other about the case. If they persist in doing so, you report this to the Court. With that admonishment, we will recess until 1:15 o'clock, p.m.

After the prospective jurors left the courtroom, Smith's guilty plea was formally entered.

When the prospective jurors returned from lunch and were seated in the jury box, Wright's defense counsel made the following motion:

*"By The Defense Counsel, Mr. Smith:*

Your Honor, Defense moves for a mistrial on the grounds that the Jury was here when the other man was started

for trial, that he has since pleaded and the Defendant, Wright, wishes to continue on with the panel of the Jury, and those jurors that in the Courtroom, it would be a miscarriage of justice against my client. Also, there are two (2) others on the end and on one other Defendant has moved for a separate trial. The Jury has the right to know, this also would be a miscarriage of justice.

*"THE COURT:*

Are you requesting that the Jury be informed?

*"By Attorney Smith:*

They have a right, Your Honor, to know. I was just thinking what they're thinking in their minds, this would prejudice their forming of an opinion and the reading of the affidavit and only one being brought to trial at this time.

*"BY THE COURT:*

Are you requesting that the Court inform the Jury?

*"By Mr. Fisher:*

The State would be inclined or I could see no reason why we cannot proceed at this time and certainly, the State is prepared.

*"BY THE COURT:*

I take the position that the Jury has not been impaneled so the motion is overruled. Let's proceed."

The State and Wright's defense counsel continued with the voir dire. They questioned the prospective jurors extensively, they challenged some of the prospective jurors, and finally, they accepted the jury.

Wright's defense counsel did not question the prospective jurors regarding the co-defendants, nor did he question any jurors about Smith's guilty plea. No instruction was tendered to the trial court which would have instructed the jurors to disregard Smith's guilty plea and that such a plea by Smith could not be considered as evidence of Wright's guilt or innocence.[1]

---

1. Indiana Rules of Procedure, Criminal Rule 8(B) provides: "The Court shall indicate on all instructions, in advance of the argument, those that are to be given and those refused. After the court has indicated the instructions to be given, each party shall have a reasonable opportunity to examine such instructions and to state his specific objections to each, out of the presence of the jury

This Court on appeal can not be expected to speculate upon subjective prejudices harbored by prospective jurors. Wright's defense counsel made no efforts to disclose such prejudices in his voir dire of the prospective jurors. The record is silent as to any existing prejudices harbored by prospective jurors before they were accepted by the State and Wright. Failure to voir dire the prospective jurors or to offer an instruction to cure a potential or possible prejudice waives any possible error on appeal. If a prejudice is suspected, a concerned consciousness of prejudice must be reflected in the record together with an effort to expose the prejudice in fact and to take the necessary curative steps to avoid the prejudice exposed.

Justice Prentice, writing for the majority of our Supreme Court in *Utterback* v. *State* (1974), 261 Ind. 685, 310 N.E.2d 552 (Justice DeBruler dissenting) regarding a case when prospective jurors had been exposed to possible prejudicial matters, stated:

> ". . . Such exposure, if any, as the jurors might have had occurred prior to the trial. The purpose of the voir dire examination is to explore such possibilities. Only sheer conjecture and speculation would support even a suspicion that any of the jurors in this case could have been prejudiced in any way by what they might have observed or overheard prior to the voir dire examination." *Utterback* v. *State, supra,* 310 N.E.2d at 555.

We recognize that trial courts may not be able to anticipate the action of defendants and their counsels in every case; however, we disapprove of the practice which would permit an offer to plead or any discussion of a plea to be made by a co-defendant in the presence of prospective jurors. Such

---

and before argument, or specific written objections to each instruction may be submitted to the court before argument. *No error with respect to the giving of instructions shall be available as a cause for a new trial or on appeal, except upon the specific objections made as above required."* (Our emphasis)

Since appellant did not object to the failure to give such instruction and failed to tender an instruction on the subject, he cannot now complain. *Hunt* v. *State* (1973), 260 Ind. 375, 296 N.E.2d 116.

practices have a tendency to erode the appearance of a fair and impartial trial.

We find no error in the trial court's overruling of Wright's motion for a mistrial.

## II.

### Prior Arrests

Wright contends that the State's question concerning his prior arrests on cross-examination is error. We agree that prior arrest questions are generally not proper on cross-examination. But, Wright's defense counsel opened the door to prior arrest questions when he examined Wright on direct. For example, Wright was questioned on direct examination by his counsel as follows:

"Q. You have had a problem with the law before?
"A. Yes, I have.

"Q. What kind of problem have you had?
"A. Mostly with misdemeanors, disorderly conduct, driving with no driver's license, driving without a beginner's permit, and some traffic violations.

"Q. Have you had any other than driving without driver's license, and disorderly conduct?
"A. That's about all.

"Q. Anything else?
"A. Oh, yes, assault and battery.

"Q. Anything else?
"A. Harrassing an Officer.

"Q. Have you served any time for this?
"A. Yes, I have.

"Q. How much time?
"A. Thirty (30) days in the Cook County Jail for Harrassing an Officer and 60 days on a farm for Assault and Battery.

"Q. But you have never been convicted of any felony?
"A. No, sir.

"Q. Are you presently under indictment for a felony, besides this one?
"A. Yes, sir.

"Q. Where is that?
"A. Carmel, Indiana.
"Q. What are you indicted for there?
"A. For Theft.
"Q. Anything else?
"A. Car Banditry.
"Q. Would that be possibly stolen property?
"A. That's possible.
"Q. That is still a pending charge?
"A. That is the bond that was introduced in this case, . . ."

On cross-examination, the State questioned Wright as follows:

"Q. Mr. Wright, you stated that you have been arrested on several occasions?

*By Mr. Smith:*

"Objection, Your Honor! The witness . . .

*BY THE COURT:*

"I'm sorry, you asked how many times he was arrested. Objection overruled!"

Justice Prentice, writing for the majority of our Supreme Court in *Ballard* v. *State* (1974), 262 Ind. 482, 318 N.E.2d 798 (Chief Justice Givan dissenting), stated that:

"A long line of Indiana authority supports a cross-examiner's right to explore any and all phases of a general subject that has been opened up by a witness on direct examination. Kelley v. State, (1948) 226 Ind. 148, 78 N.E.2d 547; Stillson v. State, (1933) 204 Ind. 379, 184 N.E. 260; Henry v. State, (1925), 196 Ind. 14, 146 N.E. 822; Osburn v. State, (1905) 164 Ind. 262, 73 N.E. 601; Diehl v. State, (1901) 157 Ind. 549, 62 N.E. 51. "This rule is reflective of a sound policy in favor of vigorous and wide-ranging cross-examination of an accused who chooses to become a witness in his own behalf. *See,* Sears v. State, (1972) [258] Ind. [561], 282 N.E.2d 807." *Ballard* v. *State, supra,* 318 N.E.2d 806.

The overruling of Wright's objection to the State's question on prior arrests was not an abuse of discretion.

We affirm the judgment of the trial court.

Hoffman, J. and Garrard, J., concur.