JOHN CARLTON THOMAS v. STATE OF INDIANA.

[No. 2-1073A211. Filed July 1, 1975.]

*Jerry W. Newman,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant John Carlton Thomas (Thomas) appeals his conviction of aggravated assault and battery, claiming (1) the trial court should have instructed the jury on self-defense; (2) the State's objection to defense counsel's question of Thomas as to self-defense should have been overruled; (3) the criminal records of two of the State's witnesses were improperly suppressed by the prosecutor; (4) improper questioning of Thomas concerning prior convictions; (5) erroneous admission of testimony by the arresting police officer concerning statements by Thomas at the scene of the crime; (6) erroneous admission of testimony concerning the

victim's length of hospitalization; and (7) insufficiency of the evidence.

## FACTS

The evidence and facts most favorable to the State are:

At about 6 p.m. on December 5, 1972, Michael Correlli (Correlli) and Robert Marshall (Marshall), two middle-aged gentlemen of short stature, were strolling along New York Street in Indianapolis, Indiana. Thomas, age 27, five foot eleven inches tall, and a stranger to Correlli and Marshall, approached them on the sidewalk. As they converged, Thomas said, "You want any s— with me?" and began whipping Marshall with his leather belt.

When Correlli tried to separate Thomas and Marshall, Thomas wrapped the belt around his fist and struck Correlli's head with the belt buckle several times inflicting a head injury. Marshall then ran across the street to the Step-Inn Lounge and asked a woman there to call the police. Indianapolis Police Officer F. D. Osborne (Osborne) arrived a few minutes later and placed Thomas under arrest and, after advising him of his *Miranda* rights, questioned him. Thomas admitted hitting Correlli with his belt buckle, but claimed that he hit both men to protect himself.

Correlli was eventually taken to the intensive care ward at Winona Memorial Hospital where twelve stitches were required to close a three-inch head wound.

At trial, both Correlli and Marshall denied initiating the altercation with Thomas despite Thomas' later testimony admitting again that he hit Correlli but only to protect himself.

Thomas raises seven issues which we will consider separately with such additional facts as may be necessary.

## ISSUE ONE

Did the trial court err in failing to instruct the jury concerning self-defense?

## ADDITIONAL FACTS

The trial court did not provide an instruction on self-defense. Thomas neither submitted such an instruction nor objected to the trial court's failure to provide a self-defense instruction.

## CONTENTION OF THE PARTIES

Thomas contends the trial court had a duty to instruct the jury on the law applicable to the case and failure to do so, when evidence of self-defense was presented, is reversible error.

The State replies that Thomas waived ISSUE ONE by not tendering a self-defense instruction.

## DECISION

CONCLUSION—Failing to either tender an instruction on self-defense or to object to the trial court's failure to include such an instruction, Thomas has waived this issue.

The trial court has a statutory duty to instruct the jury on all matters of law necessary for their final determination, as provided in IC 1971, 35-1-35-1, Ind. Ann. Stat. § 9-1805 (Burns 1956):

"* * *

Fifth. The court must then charge the jury, which charge, upon the request of the prosecuting attorney, the defendant or his counsel made at any time before the commencement of the argument, shall be in writing and the instructions therein contained numbered and signed by the court. *In charging the jury the court must state to them all matters of law which are necessary for their information in giving their verdict.* If he present the facts of the case he must inform the jury that they are the exclusive judges of all questions of fact, and that they have a right, also, to determine the law." (Our emphasis.)   (hereafter § 9-1805)

This statute goes on to provide that if either the prosecutor or the defendant desires additional special instructions, they must tender those instructions prior to the commencement of arguments:

"* * *

Sixth. If the prosecuting attorney, the defendant or his counsel desire special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party or his attorney asking them, and delivered to the court before the commencement of the argument. Such charge or charges of the court, or any special instructions, when so written and given by the court, shall in no case be orally qualified, modified or in any manner orally explained to the jury by the court." [Acts 1905, ch. 169, § 260, p. 584; 1909, ch. 96, § 1, p. 257; 1927, ch. 132, § 14, p. 411.]

Complementing this statute is Criminal Rule 8, which sets forth the procedure for tendering instructions and objecting to the trial court's proposed instructions:

"(A)   In addition to instructions given by the court on its own motion, *a party in any cause tried by a jury, before argument, shall be entitled to tender in writing* not to exceed ten (10) *proposed instructions* to be given to the jury. . . .

(B)   The court shall indicate on all instructions, in advance of the argument, those that are to be given and those refused. After the court has indicated the instructions to be given, each party shall have a reasonable opportunity to examine those instructions and to state his specific objections to each, out of the presence of the jury and before argument, or specific written objections to each instruction may be submitted to the court before argument. *No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal except upon the specific objections made as above required."* (Our emphasis.)

While the statute requires the trial court to properly instruct the jury upon "all matters of law" in the case, if "by oversight, mistake or accident," any point is omitted by the court in its instructions, such omission is not fatal. *Bowman* v. *State* (1934), 207 Ind. 358, 361-62, 192 N.E. 755. It is incumbent upon the party and his counsel to tender additional desired instructions or to specifically object to the trial court's failure to present such instructions to the jury, . . . otherwise such failure will result in a waiver.

IC 1971, 35-1-35-1, Ind. Ann. Stat. § 9-1805 (Burns 1956) ; CR. 8; *Loza* v. *State* (1975), 263 Ind. 124, 325 N.E.2d 173; *Martin* v. *State* (1974), 261 Ind. 492, 494, 306 N.E.2d 93,

94; *Hunt* v. *State* (1973), 260 Ind. 375, 381, 296 N.E.2d 116, 120; *Bonds* v. *State* (1972), 258 Ind. 241, 280 N.E.2d 313, 315-316; *Summerlin* v. *State* (1971), 256 Ind. 652, 271 N.E.2d 411, 416; *Barker* v. *State* (1957), 238 Ind. 271, 277-278, 150 N.E.2d 680; *Culp* v. *State* (1943), 222 Ind. 202, 206, 52 N.E.2d 486; *Bowman* v. *State, supra; Smith* v. *State* (1926), 198 Ind. 614, 616-617, 154 N.E. 370; *Gross* v. *State* (1917), 186 Ind. 581, 587, 117 N.E. 562; *Reynolds* v. *State* (1897), 147 Ind. 3, 10, 46 N.E. 31; *Trogdon* v. *State* (1892), 133 Ind. 1, 5, 32 N.E. 725; *Wright* v. *State* (1975), 163 Ind. App. 502, 324 N.E.2d 835, 837; *Hauk* v. *State* (1974), 160 Ind. App. 390, 312 N.E.2d 92, 96; *Berry* v. *State* (1972), 153 Ind. App. 387, 287 N.E.2d 557, 561-62.

This principle, obligating a party to tender desired instructions or to make specific objection when the trial court has failed to properly instruct the jury, was articulated in *Barker* v. *State* (1957), 238 Ind. 271, 150 N.E.2d 680:

"The appellant tendered no instruction upon lesser included offenses, yet insists that the court erred by failing to instruct the jury under Burns' § 9-1805, which states in part:

'In charging the jury the court must state to them all matters of law which are necessary for their information in giving their verdict.'

*The* above portion of the *statute does not relieve a party from submitting desired instructions, if the court,* through oversight or otherwise, *fails to instruct as fully as a party desired.* Counsel, knowing the court is omitting the instruction upon some point in the case, may not remain quiet and tender no instruction and afterwards claim the court erred. Such practice would be wrong and mischievous. (Our emphasis.)

The case of *Sullivan* v. *State* (1957), [236 Ind. 446, 139 N.E.2d 893] *supra,* is to be construed in the light of such a principle. In that case, although the appellant objected to the court's failure to submit forms of verdict, including lesser offenses, she also tendered an instruction upon the same principle, which was also refused. The appellant saved the error by proper and timely objections made to instructions both given and refused. That is not the case here, since the appellant made no request for any instructions on lesser included offenses and made no objections to any instructions given on that point, so far as our attention has been directed by appellant's presentation of this case. *Bowman* v. *State* (1954) [sic] [1934], 207 Ind.

358, 192 N.E. 755, 96 A.L.R. 522; *Mack* v. *State* (1932), 203 Ind. 355, 180 N.E. 279, 83 A.L.R. 1349." 238 Ind. at 277-78, 150 N.E.2d at 683.

Assuming without deciding that the issue of self-defense was a "matter of law" and an instruction should have been given, Thomas has effectively waived the question by not complying with the statute and CR. 8. Otherwise, Thomas like any other defendant could invite error by his own inaction.

## ISSUE TWO

Was it error for the trial court to sustain the State's objection to defense counsel's question to Thomas concerning self-defense?

## ADDITIONAL FACTS

The trial court sustained the prosecutor's objection at a particular stage in the trial to defense counsel's question containing a reference to self-defense . . . a subject Thomas testified about freely at another stage of the trial.

## CONTENTION OF THE PARTIES

Thomas alleges that the trial court's sustaining of State's objection was prejudicial in that it implied to the jurors that self-defense was not an issue.

The State replies that the question was a leading one and that the issue is waived for failure to cite authority.

## DECISION

CONCLUSION—Any issue as to the propriety of the court's action in sustaining the objection has been waived for failure to cite authority.

Thomas makes a bald assertion of error unsupported with authority or cogent argument . . . and so waives the issue. *See Miller* v. *State* (1971), 256 Ind. 296, 268 N.E.2d 299:

"We further point out that the defendant cited no transcript reference and no authority substantiating these alleged errors at law and thus they are deemed waived under Indiana Rules of Procedure A.P. 8.3(A)(7)." 268 N.E.2d at 302.

*See also,*
> *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805, 807;
> *Beech* v. *State* (1974), 162 Ind. App. 287, 319 N.E.2d 678,
> 681-682; *Maynard* v. *State* (1973), 157 Ind. App. 573, 301
> N.E.2d 200, 203-204; *Matthew* v. *State* (1972), 154 Ind.
> App. 182, 289 N.E.2d 336, 340.

## ISSUE THREE

Was the State required to deliver to Thomas the past criminal records of the State's witnesses Correlli and Marshall?

### ADDITIONAL FACTS

The State's two witnesses involved in the episode apparently had criminal records, but Thomas made no effort to discover or request these criminal records before or during trial, nor did he cross-examine these witnesses on this subject. Nothing in the record indicates the State had knowledge of or deliberately suppressed this fact.

### CONTENTION OF THE PARTIES

Thomas alleges that the State suppressed the criminal records of Marshall and Correlli, which would have been admissible to impeach the testimony of these two witnesses, thereby denying him a fair trial.

The State responds asserting that it was under no obligation to disclose criminal records of these two witnesses without request by Thomas accompanied by a showing of a special need for such information.

### DECISION

CONCLUSION—Under these circumstances Thomas has not shown prejudice by failure of the State to reveal the criminal records of two of its witnesses.

Thomas could have used pre-trial discovery to determine if these witnesses were vulnerable to impeachment as provided in *Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E.2d 387, 392.
*Also see:*

*Sexton* v. *State* (1972), 257 Ind. 556, 276 N.E.2d 836; *Bernard* v. *State* (1967), 248 Ind. 688, 230 N.E.2d 536; *Arline* v. *State* (1973), 156 Ind. App. 95, 294 N.E.2d 840.

This he failed to do, nor did he cross-examine on this subject.

## ISSUE FOUR

Did the trial court commit reversible error by allowing the State to cross-examine Thomas concerning a prior felony conviction?

## ADDITIONAL FACTS

During the course of his direct examination Thomas admitted conviction of a prior felony. On cross-examination, the prosecution elicited from Thomas that this conviction was for assault and battery with a dangerous weapon. No objection was made by defense counsel to this cross-examination by the State.

## CONTENTION OF THE PARTIES

Thomas alleges prosecution's cross-examination about previous conviction of assault and battery with a dangerous weapon is not admissible for impeachment purposes under Indiana law.

State answers, claiming that Thomas opened the door to such cross-examination by volunteering information about his prior criminal record and therefore such cross-examination was proper.

## DECISION

CONCLUSION—It is our opinion that Thomas waived any question as to the admissibility of his prior conviction by failing to object at trial.

Failure to object at trial constitutes a waiver as to the admissibility of evidence. *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98, 99-100, and numerous cases cited therein.

Absent waiver, this precise question has been decided adversely to Thomas by *Martin* v. *State* (1974), 261 Ind. 492, 306 N.E.2d 93.

## ISSUE FIVE

Did the trial court err in allowing Officer Osborne to testify to certain statements made by Thomas at the time of his arrest?

## ADDITIONAL FACTS

Officer Osborne testified that, after arriving at the scene of the crime, Correlli pointed out Thomas from a crowd of five or six people as the man who hit him. Thomas immediately volunteered "that he was the man that hit Mr. Correlli". After further investigation Osborne placed Thomas under arrest and advised him of his *Miranda* rights. In answer to questions by Osborne, Thomas again admitted hitting Correlli "with a belt buckle and belt". Thomas testified at trial on both direct and cross-examination that he beat Correlli with his belt. No objection was made at any time to Officer Osborne's testimony or to questions on cross-examination.

## CONTENTION OF THE PARTIES

Thomas contends that despite the *Miranda* warning, his oral statements to Osborne, which were admitted at trial, were not shown to have been voluntarily waived.

The State replies that since Thomas failed to raise the issue of voluntariness at trial and failed to object to Osborne's testimony, he cannot raise any objection on appeal. Moreover, even if the issue could be considered on appeal, it would be harmless.

## DECISION

CONCLUSION—It is our opinion that Thomas' statements to Osborne after the *Miranda* warning were properly admitted at trial as no objection was made, and further such evidence was cumulative and therefore harmless.

Again Thomas failed to object to the admission of evidence and so waives the question.

Furthermore, even if Osborne's testimony was inadmissible,

it was merely cumulative. *See Sexton* v. *State* (1974), 262 Ind. 554, 319 N.E.2d 829:

> "The admission of improper evidence which tends only to disclose a fact which is clearly proved by other legitimate and uncontroverted evidence is harmless error."

## ISSUE SIX

Did the trial court err in permitting Correlli to testify concerning the length of his hospital stay?

## ADDITIONAL FACTS

At trial Correlli testified that following the beating by Thomas, Correlli was treated at the hospital, where he remained for approximately a month. Thomas failed to object to this testimony.

## CONTENTION OF THE PARTIES

Thomas contends that this testimony was so inflammatory as to constitute reversible error.

The State answers that since there was no objection to the testimony at trial, the issue cannot now be raised.

## DECISION

CONCLUSION—Because Thomas failed to raise any objection to the testimony concerning Correlli's hospitalization, he has waived any error regarding such testimony.

Again Thomas has waived the issue.

*Harrison* v. *State, supra.*

## ISSUE SEVEN

Is there sufficient evidence of "great bodily harm" to support a conviction of aggravated assault and battery?

## CONTENTION OF THE PARTIES

Thomas contends that Correlli's head wound was not so serious as to be considered "great bodily harm".

The State is to the contrary.

DECISION

CONCLUSION—The evidence most favorable to the State clearly supports the jury's finding of "great bodily harm".

"Great bodily harm" is a material element of the crime of aggravated assault and battery as defined by IC 1971, 35-13-3-1, Ind. Ann. Stat. § 10-410 (Burns Supp. 1974), *Valentine* v. *State* (1971), 257 Ind. 197, 273 N.E.2d 543, 545. Whether the evidence describing such harm or injury is within the meaning of the statute is generally a question of fact for the jury. *Froedge* v. *State* (1968), 249 Ind. 438, 445, 233 N.E.2d 631.

The determination of what constitutes "great bodily harm" is set forth by Justice Hunter in *Valentine* v. *State, supra:*

"It isn't necessary that the injury be so great that it is permanent or disabling in nature. In Froedge v. State (1968), 249 Ind. 438, 233 N.E.2d 631, 636, we stated:

'Great bodily harm defines itself and means great as distinguished from slight, trivial, minor or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery * * *' " 273 N.E.2d at 545.

*See also,*

McFarland v. State (1973), 260 Ind. 349, 295 N.E.2d 809; Priola v. State (1973), 260 Ind. 117, 292 N.E.2d 604; Froedge v. State, supra; Coffey v. State (1973), 156 Ind. App. 363, 296 N.E.2d 663; Anderson v. State (1973), 155 Ind. App. 121, 291 N.E.2d 579.

Considering the evidence most favorable to the State, there is sufficient evidence to sustain the jury's finding of great bodily harm. Correlli and Marshall were walking down the sidewalk on New York Street, heading west toward Illinois Street, Indianapolis, Indiana. As Thomas approached them on the sidewalk, he said, "You want any s--- with me?" and began whipping Marshall with his leather belt. When Correlli tried to separate Thomas and Marshall, Thomas wrapped the belt around his fist and struck Correlli's head with the belt buckle several times, causing a head injury. Correlli

was eventually taken to the intensive care ward at Winona Memorial Hospital where he received twelve stitches to close a three-inch head wound. Based on these facts, the jury's finding that Correlli suffered "great bodily harm" must be sustained.

Thomas lumps ISSUES THREE to SIX, inclusive, together and claims that individually and collectively these errors represent "fundamental error" requiring reversal. The record does not reveal to us that Thomas' rights have been "so prejudiced that he has been denied a fair trial". *See Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827, 829-830 and cases cited therein.

The trial court's judgment entered on the jury's verdict is accordingly affirmed.

White, J., concurs; Sullivan, P.J., concurs in result only.

NOTE.—Reported at 330 N.E.2d 325.