JONAH GASKINS *v.* STATE OF INDIANA.

[No. 2-575A125. Filed December 29, 1975. Rehearing denied
February 26, 1976. Transfer denied May 5, 1976.]

*Robert W. McClelland,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert M. Lingenfelter,* Deputy Attorney General, for appellee.

PER CURIAM — Defendant-appellant, Jonah Gaskins, was charged with two counts of Assault and Battery with Intent to Kill.[1] After a court trial, he was convicted of two counts of Aggravated Assault and Battery.[2]

---

1. IC 1971, 35-13-2-1, Ind. Ann. Stat. § 10-410a (Burns Supp. 1975).
2. IC 1971, 35-13-3-1, Ind. Ann. Stat. § 10-410 (Burns Supp. 1975).

The facts most favorable to the State reveal that at approximately. 9:00 p.m. on January 4, 1974, Jonah Gaskins and his father, James Gaskins, entered the home of Richard and Stella Buckler without invitation.[3] Jonah began pouring beer on the floor, and when Stella asked him to leave, Jonah struck her. She asked why she had been struck and Jonah answered that she was being beaten because she had refused James Gaskins permission to reside at her house. Jonah struck her repeatedly on the head and face with his fists, a beer bottle, and the telephone receiver. Jonah then dragged Stella across the floor, broke a beer bottle and cut her face with the jagged edge.

During the fray, Richard Buckler tried to intervene. Jonah struck Richard in the face with his fists, knocked him to the floor and kicked him in the head and chest. Richard suffered a broken nose and severe contusions.

Gaskins preserves two issues for appeal:

I. Whether the evidence as to Count I[4] is sufficient.
II. Whether a photograph was erroneously admitted into evidence.

ISSUE I: The Evidence Is Sufficient To Support the Conviction.

The version of the incident as testified to by Jonah and James Gaskins substantially conflicted with the version given by the Bucklers. Gaskins maintains that the conflicting version of the incident was suffiicent to raise a reasonable doubt as to his guilt.

Gaskins' argument is merely an attempt to have this court weigh the evidence. It is well established, however, that this Court cannot weigh the evidence nor determine the credibility of the witnesses. We must consider only that evidence most favorable to the State, together

---

3. Stella is James Gaskins' sister.
4. Count I involves the assault on Stella whereas Count II involves the assault on Richard. Gaskins does not attack the sufficiency of the evidence supporting his conviction under Count II.

with all logical and reasonable inferences to be drawn therefrom. *McFarland* v. *State* (1973), 260 Ind. 349, 295 N.E.2d 809; *Layne* v. *State* (1975), 164 Ind. App. 486, 329 N.E.2d 612.

The statute under which Gaskins was convicted, IC 1971, 35-13-3-1, Ind. Ann. Stat. § 10-410 (Burns Supp. 1975), provides, *inter alia:*

"Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery. . . ."

Substantial evidence of probative value was presented indicating that Gaskins unlawfully and knowingly inflicted great bodily harm upon Stella Buckler.

ISSUE II: The Photograph Was Properly Admitted Into Evidence.

Gaskins contends that a photograph of Stella Buckler taken approximately five days after the assault was irrelevant and should not have been admitted into evidence.

It was our opinion that Gaskins has waived the issue of the admissibility of the photograph by failing to object to its admission on grounds of irrelevancy. Gaskins' objection reads as follows:

"MR. RANSOM: We object for the same reasons, Your Honor. This witness did not take this picture and was not present when it was taken and we do not know where this photograph has been."

It is apparent that the objection was directed toward the authenticity of the photograph and the sufficiency of the foundation laid by the State prior to its admission. Failure to object on the grounds argued on appeal constitutes a waiver and presents no issue for this Court to determine. *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98; *Smith* v. *State* (1974), 161 Ind. App. 461, 316 N.E.2d 463.

In passing, we note that the photograph was relevant and material. Inasmuch as the information charged that Gaskins

inflicted great bodily harm upon Stella Buckler, the nature and extent of her injuries were very much in issue. The photograph was admissible to show the seriousness of the injury inflicted, especially in view of the fact that the trial was held some nine months after the assault was committed. See: *Sanders* v. *State* (1974), 160 Ind. App. 676, 313 N.E.2d 551.

The judgment is affirmed.

NOTE.—Reported at 339 N.E.2d 125.

