DANIEL LEROY SHARPE *v.* STATE OF INDIANA

[No. 3-675A129. Filed November 29, 1977.]

*Howard S. Grimm, Jr., Grimm & Grimm,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

GARRARD, J.—Appellant Sharpe was convicted as an accessory before the fact to armed robbery. Three issues are raised. Was

Sharpe entitled to discharge for delay in trial? Was his confession inadmissible? Was he entitled to a jury trial despite an earlier waiver? We find no error in the proceedings.

## I.  Speedy Trial

The underlying facts disclose that Sharpe was originally charged in 1968, and his trial was commenced on April 10, 1969. During trial Sharpe absconded and fled. Subsequently, he was convicted of a federal crime and incarcerated in federal prison. Upon his release from federal prison in October 1973, he was returned to Allen County for trial in this case. He was again brought to trial on August 9, 1974.

Sharpe's first contention is that he was entitled to discharge pursuant to Indiana Rules of Procedure, Criminal Rule 4(A) for being held in jail more than six months without trial after he was returned to Allen County.[1] In examining this assertion it must be recalled that the various amendments to CR. 4 operate only prospectively. Sharpe's entitlement was governed by the rule as it existed prior to the amendment which became effective in February 1974. *Shack v. State* (1972), 259 Ind. 450, 288 N.E.2d 155; *Moreno v. State* (1975), 166 Ind. App. 441, 336 N.E.2d 675. Under that version of the rule Sharpe was entitled to discharge if he was held in jail for more than six months without trial unless the trial was delayed by an act chargeable to him or a congested court calendar prevented trial within the appropriate period. In addition, where his actions were responsible for the delay, the six-month period began to run anew from the last day of the delay chargeable to him. *See, e.g., Holt v. State* (1974), 262 Ind. 334, 316 N.E.2d 362; *Summerlin v. State* (1971), 256 Ind. 652, 271 N.E.2d 411; *Moreno, supra.*

The record in this case shows that trial was originally set to commence within six months after Sharpe's return to Indiana authorities. In January 1974, Sharpe's original counsel petitioned to withdraw because Sharpe was uncooperative and critical of his

---

1.  For purposes of CR. 4 the delay occasioned by Sharpe's flight and subsequent incarceration on another offense is delay chargeable to him. *Cooley v. State* (1977), 172 Ind. App. 199, 360 N.E.2d 29 (transfer denied).

representation. A hearing was held, new counsel was appointed, and a continuance was granted on February 19, 1974. This was delay chargeable to Sharpe. Subsequently, trial was set to commence June 3, 1974. That setting was continued to June 10, 1974 because Sharpe's counsel was involved in another trial on June 3. Again, the six-month period provided under CR. 4(A) was reinstituted by that continuance. *Coffey v. State* (1973), 156 Ind. App. 363, 296 N.E.2d 663. Since trial was then commenced on August 9, 1974, the provisions of CR. 4(A) were not violated.

Sharpe also argues that the delay in bringing him to trial from his original absconding violated his constitutional rights under the Sixth Amendment and Article I, Section 12 of the Indiana Constitution.[2]

In determining whether an accused's constitutional rights to speedy trial (apart from the requirements of CR. 4) have been violated, we must consider the particular facts of each case, including the length of delay, the reason for the delay, the defendant's assertion of his desire for speedy trial, and the prejudice to the defendant arising from the delay. *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; *Collins v. State* (1975), 163 Ind. App. 72, 321 N.E.2d 868.

In this case the state promptly brought Sharpe to trial and he absconded. When authorities learned of his federal imprisonment a detainer was lodged against him. Sharpe made no request for a speedy trial, although in December 1972, he filed a motion *pro se* seeking dismissal of the charges against him. It additionally appears that the state did nothing to procure Sharpe's temporary return for trial during his incarceration. Instead, it waited the remaining nine months for his release. Sharpe's argument presents no assertion of any factual prejudice occasioned by the delay.

With respect to this latter failure a distinction must be observed between those cases arising under the provisions of CR. 4 and those concerning the less precise standards presented by the

1. CR. 4 is not coextensive with the constitutional guarantees. They apply in circumstances, such as incarceration for a different offense, not contemplated by CR. 4. *Cooley v. State, supra.*

constitutional guarantees which apply apart from the provisions of the rule. In the former instances, prejudice is presumed from the exceeding of the rule's limit. *Fossey v. State* (1970), 254 Ind. 173, 258 N.E.2d 616. In the latter, it is not a prerequisite to relief that actual prejudice be established, *Hart v. State* (1973), 260 Ind. 137, 292 N.E.2d 814; but whether and what prejudice is asserted are factors to be considered in the overall determination. *Moore v. Arizona* (1973), 414 U.S. 25, 94 S. Ct. 188, 38 L.Ed.2d 183; *Barker v. Wingo, supra; Collins v. State, supra.*

In view of the totality of circumstances here present, we are unable to say that Sharpe was deprived of his constitutional rights to speedy trial.

## II. Voluntariness of Confession

Sharpe asserts that his confession was involuntary and should have been suppressed because it was coerced and improperly induced by police.

At a suppression hearing, Sharpe testified that he was not advised of his rights prior to his interrogation by police, that the detectives refused his request to call a lawyer, that he was not permitted to read the typewritten confession before he signed it, and that the prosecutor promised that if Sharpe made a statement he would not be charged with murder. The arresting officer testified that he did advise Sharpe of his *Miranda* rights immediately after placing him under arrest. The detective who interrogated Sharpe, Sgt. Cook, testified that he advised Sharpe of his rights before questioning began. Sgt. Van Ryn, who participated in the interrogation, also testified that Sharpe was advised of his rights before the interview started. Sgt. Cook testified that Sharpe did not ask for a lawyer at any time during the interrogation and that Sharpe read his written statement before he signed. Walter Helmke, the prosecutor at the time of the confession, testified that Sharpe asked which charges would be filed if he cooperated and if he did not cooperate. Helmke told Sharpe that if he provided information about the robbery-homicide under investigation, he would be charged with accessory to armed robbery; if Sharpe did not cooperate he would

be charged with accessory to felony-murder. Sharpe cooperated by giving the challenged written statement. He then was charged with accessory before the fact to armed robbery.

Sharpe contends that his confession was inadmissible because the prosecutor promised to charge him with the lesser offense of accessory before the fact to armed robbery in return for his statement. The issue actually is whether Sharpe waived his right against self-incrimination and intelligently and voluntarily gave the statement. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694; *Nacoff v. State* (1971), 256 Ind. 97, 267 N.E.2d 165.

In this case the prosecutor sought Sharpe's assistance in prosecuting the principal perpetrator of the felony-murder.[3] In Indiana a prosecuting attorney has broad discretion in the performance of his duties. *See, State ex rel. Spencer v. Criminal Court of Marion County* (1938), 214 Ind. 551, 15 N.E.2d 1020, *reh. den.* 214 Ind. 551, 16 N.E.2d 888; *Brune v. Marshall* (1976), 169 Ind. App. 637, 350 N.E.2d 661. The prosecuting attorney is vested with the discretion to determine what offense can be proved with the evidence at hand and to decide the crime with which a suspect will be charged. *Taylor v. State* (1968), 251 Ind. 236, 236 N.E.2d 825. *Cf. Spalding v. State* (1975), 165 Ind. App. 64, 330 N.E.2d 774. We hold that the prosecuting attorney did not act improperly in promising to charge Sharpe with a lesser offense in return for his cooperation.

Thus, Sharpe's case is readily distinguishable from *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192. In *Ashby* police officers induced the defendants' confessions by promising that if they confessed as part of a plea bargain they would receive a ten year sentence instead of life. The defendants confessed, were tried and received life sentences. The Supreme Court held the confessions involuntary and inadmissible. In *Ashby* the officers not only lacked the authority to determine the charge to be prosecuted but

---

3. Sharpe was suspected by the police of driving the getaway car in the robbery-homicide under investigation. Gaston, who was suspected of actually committing the robbery-homicide, was still at large at the time Sharpe made his statement. Gaston was killed in a tavern shooting the night Sharpe gave the statement.

they also invaded the province of the court in attempting to fix the punishment to be received. *Compare, Spalding v. State, supra.* By contrast, the prosecutor in this case not only had the authority to fulfill his commitment to Sharpe, he in fact fulfilled it. When the prosecuting attorney keeps his promise to prosecute the accused under a particular charge in return for his statement, and if all other circumstances demonstrate a voluntary and knowing decision by the accused to waive his right to remain silent and to make the statement, the confession is voluntary and admissible.

The evidence of the other circumstances surrounding Sharpe's confession is conflicting. Ordinarily, this court will not disturb a trial court's ruling as to the admissibility of a confession when that ruling is based upon conflicting evidence. *Timm v. State* (1976), 265 Ind. 537, 356 N.E.2d 222; *Cooper v. State* (1974), 261 Ind. 659, 309 N.E.2d 807. In addition to the testimony about the circumstances surrounding Sharpe's confession, the trial judge viewed a video tape of Sharpe's interrogation by the Fort Wayne police and was thereby able to view the demeanor of the accused during the interrogation and confession.

Viewing the evidence favorable to the ruling, the court could properly conclude beyond a reasonable doubt that Sharpe's confession was knowingly, intelligently, and voluntarily given. The trial court, therefore, did not commit reversible error in denying Sharpe's motion to suppress.

### III.   Jury Trial

Sharpe contends that he was entitled to a jury trial upon the resumption of his trial even though he waived his right to trial by jury at arraignment.

An accused has a fundamental constitutional right to a trial by jury. Article I, Section 13, Indiana Constitution; Amendments 6 and 14, United States Constitution; *Duncan v. Louisiana* (1968), 391 U.S. 145, 88 S. Ct. 1444, 20 L.Ed.2d 491. The right may, however, be waived. *Patton v. United States* (1930), 281 U.S. 276, 50 S. Ct. 253, 74 L.Ed. 854. To be effective

such a waiver must be voluntarily, knowingly and intelligently made with sufficient awareness of the relevant circumstances surrounding its entry and its consequences. *Brady v. United States* (1970), 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747; *Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461; *Stevenson v. State* (1975), 163 Ind. App. 399, 324 N.E.2d 509; *Kindle v. State* (1974), 161 Ind. App. 14, 313 N.E.2d 721; *Williams v. State* (1974), 159 Ind. App. 470, 307 N.E.2d 880. When an accused has effectively waived his right to a jury trial, he has no constitutional right to withdraw the waiver. *Davidson v. State* (1968), 249 Ind. 419, 233 N.E.2d 173. The withdrawal of a voluntary waiver of jury trial is within the sound discretion of the trial court. *Stevenson v. State, supra; Williams v. State, supra*, 307 N.E.2d at 884.

Sharpe was arraigned on October 21, 1968, when the following entry was made:

"Comes now the State of Indiana, by Walter P. Helmke, Prosecuting Attorney, and comes now the defendant, Daniel Leroy Sharpe, in person and by counsel, Daniel A. Roby, and said defendant now waives arraignment and pleads not guilty to the offense of Accessory Before the Fact: Armed Robbery, as charged in the affidavit, and waives his right to trial by jury.

By agreement of said Parties, this cause is now by the Court set for trial on April 10, 1969."

In the middle of his trial, Sharpe fled the jurisdiction. After Sharpe was returned to Allen County for trial four and one-half years later, his attorney orally requested a trial by jury. The trial court took the position that the trial had commenced before the court and that Sharpe was not entitled to request a jury trial in the middle of the proceedings.

Under the particular circumstances of this case, we hold that the trial court did not abuse its discretion in denying Sharpe's request for a jury trial. Sharpe does not allege that his initial waiver of jury trial was not intentional, knowing and voluntary. Since Sharpe has failed in his burden to provide this Court with a transcript of his arraignment, nothing in the record refutes the October 21, 1968, entry showing his waiver of jury trial. *See,*

*Scruggs v. State* (1974), 161 Ind. App. 666, 317 N.E.2d 807. Indeed, in a January 22, 1974 hearing, Sharpe conceded that he had waived jury trial at arraignment. Due to the long delay between Sharpe's failure to return to trial and the recommencement of his trial, the court acted properly in requiring the presentation of all the evidence over again. Because Sharpe had initially waived a jury trial, he was not entitled to a jury trial upon the recommencement of his trial.

The judgment of the trial court is affirmed.

Staton, P.J. and Hoffman, J. concur.

NOTE—Reported at 369 N.E.2d 683.

